U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 12 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
    SHREVEPORT

U.S. DISTRICT COURT
WESTERN DISTRICT
OF LOUISIANA
FILED

2007 MAR 12 P 4:43

ROBERT H. SHEMWELL
CLERK

DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 06-50164-01 |
| ) | |
| TOMMY K. CRYER, ) | |
| ) | |
| *Defendant.* ) | |

## DEFENDANT'S BRIEF CONCERNING TRIAL ISSUES

Comes now the Defendant, Tommy K. Cryer, through his undersigned attorney, and does hereby submit the following brief concerning various issues which might arise during the trial of this case. In the event that Cryer testifies in his own defense, the current decisional law permits him to fully testify regarding his intent and he may offer into evidence exhibits in support of his beliefs. Further, as to every element of proof relevant for this case, the prosecution must prove each and every one, Cryer may contest and offer proof in opposition thereto, and the court may not direct a verdict as to any of these elements. Finally, depending upon the testimony and evidence offered by him, he is entitled to have presented to the jury his theory of defense jury instructions when the court gives the instructions in this case.

### A. EVIDENCE REGARDING DEFENDANT'S INTENT

The crimes charged in the indictment in this case are "intent" crimes, and to defend himself, Cryer must be given the full opportunity to explain to the jury that he lacked the requisite intent to commit such crimes. To accomplish such, he has both the right to fully

1

testify, and further he may offer into evidence relevant items to prove his non-criminal intent. The right to testify in one's own behalf and to call witnesses is an essential part of due process; see *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045 (1973).

**1. Right to testify.**

A variety of cases hold it to be error to exclude relevant testimony from the defendant or offered on his behalf. For example, in *Crane v. Sowders*, 889 F.2d 715 (6th Cir. 1989), virtually the exclusive evidence against a youth charged with murder was his confession. When trial started, defense counsel in opening proposed to show the jury, by proof, the circumstances of the confession. Thereafter, the prosecution moved in limine to prevent such proof, and the motion was granted. Crane was convicted, and the state appellate courts held that exclusion of such testimony was harmless, but the Supreme Court disagreed in *Crane v. Kentucky*, 476 U.S. 683, 106 S.Ct. 2142 (1986), reversed and remanded. But on remand, the Kentucky Supreme Court held again that the error was harmless. Here, on review of a habeas corpus petition, the Sixth Circuit concluded that just simply permitting the appropriate facts to be recounted in opening statements by defense counsel was no substitute for proof and it vacated the conviction at issue.

In *United States v. Calhoun*, 726 F.2d 162, 164 (4th Cir. 1984), that court was faced with the issue of the propriety of the exclusion of defense testimony. Here, a deputy sheriff on trial for violating the civil rights of a man he beat to death with a flashlight was precluded from answering questions regarding his intent. In reversing, the court held:

> "Any argument that the error was harmless, on the grounds that the jury must have appreciated that the answers to the two questions would have been in the negative,

2

does not favorably impress us. Such an approach would diminish greatly the benefits to be derived from taking the stand in one's own defense."

A similar result was reached in *United States v. Sanders*, 862 F.2d 79 (4th Cir. 1988). In this case, Sanders was charged with forcibly rescuing property seized by the I.R.S. He was permitted to testify that he thought his lawyer had given instructions that it was valid and had been approved by a bankruptcy court for him to do so. That court held it error to have excluded the testimony of Sanders' daughter regarding a phone call she received from the lawyer.

In *United States v. Quimette*, 753 F.2d 188 (1st Cir. 1985), the court was reviewing the conviction of a felon charged with illegal possession of a firearm. The evidence of the felon's actual possession of a firearm was conflicting, and the defense sought to have introduced through a witness a statement made by police officers to the effect of "Where is the gun?" The exclusion of this evidence required a reversal.

In *United States v. Kohan*, 806 F.2d 18 (2nd Cir. 1986), at issue was the exclusion of testimony concerning a witness' conversation with a culpable party. Here, a lawyer was convicted for having two forged checks totally $143,500, pass through his trust account, the proceeds having been given to the culpable party. In reversing, it was held error to exclude the offered testimony. See also *Gilmore v. Henderson*, 825 F.2d 663 (2nd Cir. 1987).

In *Rosario v. Kuhlman*, 839 F.2d 918 (2nd Cir. 1988), the exclusion of certain defense evidence was held constitutional error. In this case involving a murder prosecution, the state used the testimony of a deceased witness given at the prior trial of the case. The defense sought to introduce the testimony given in another case by a witness who impeached the

chief prosecution witness. The court held that exclusion of this important evidence constituted error of constitutional dimensions.

In *United States v. Detrich*, 865 F.2d 17, 21 (2nd Cir. 1988), the conviction of a dentist for importing heroin was reversed due to the erroneous exclusion of defense evidence. Detrich offered to prove that he had no knowledge of his possession of heroin because he simply brought back from India what he thought was a suit needed for a wedding. His effort to introduce a co-defendant's statement regarding a wedding the following month was excluded. In reversing, the court held:

> "We cannot find it harmless to exclude a statement that would have supported the main theory of the defense."

A conviction for draft evasion was the subject of *United States v. Bowen*, 421 F.2d 193, 197 (4th Cir. 1970). Bowen was not permitted to explain why he didn't report for the draft, and this caused a reversal of his conviction:

> "Although the record is replete with evidence of willfulness on the part of defendant in failing to report for induction, we think that he should not have been deprived of the opportunity to deny it, or to offer any possible explanation for his conduct. In short, while the right to answer the question posed to him may have availed him little, he should not have been denied that right."

See also *United States v. Leake*, 642 F.2d 715 (4th Cir. 1981), where the exclusion of the defendant's testimony regarding his intent was held reversible error.

A tax evasion conviction was at issue in *United States v. Popenas*, 780 F.2d 545 (6th Cir. 1985). Here an attorney had prepared the tax returns at issue and denied on the stand personal culpability. But, the defense possessed an affidavit executed by the attorney which acknowledged incompetence. The exclusion of this critical impeachment evidence was held

4

reversible error.

Convictions for attempted possession and distribution of contraband drugs were the subject of *United States v. Peak*, 856 F.2d 825 (7th Cir. 1988). The theory of the defense in this case was that the defendants planned to capture the drug sellers at the scene of the sale. One defendant's exculpatory statements supportive of this theory recorded on tape were excluded from evidence. The court held that the exclusion of evidence precluded and impaired the presentation of the accused's sole means of defense, thus necessitating reversal.

In *United States v. Slaughter*, 891 F.2d 691 (9th Cir. 1989), the exclusion of an inculpatory statement by the main prosecution witness offered by the defense was held error; see also *United States v. Gillespie*, 852 F.2d 475 (9th Cir. 1988). In *United States v. Cantu*, 876 F.2d 1134 (5th Cir. 1989), the exclusion of the defendant's testimony that he was entrapped by an informer caused a reversal. The exclusion of evidence regarding reliance upon the advice of an attorney in a currency transaction prosecution caused a reversal in *United States v. Eisenstein*, 731 F.2d 1540 (11th Cir. 1984). The failure to permit a defendant to testify regarding his intent required a reversal in *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989).

In *United States v. Lueben*, 812 F.2d 179, 181 (5th Cir. 1987), the defendant was prosecuted and convicted of submitting false loan applications to various banks. In its case, the prosecution submitted evidence in the form of expert testimony to show how the false statements had a tendency to defraud a bank. To rebut this testimony, the defense called an expert for the purpose of showing that this false information simply would not have misled

any bank; this testimony was excluded. The appellate court held such exclusion to be reversible error:

> "We find it difficult to understand why this testimony would not confuse the jury when offered by the government but would confuse the jury when offered by the defendant."

The validity of a conviction of a doctor for a bank robbery was the subject of *United States v. Alexander,* 816 F.2d 164 (5th Cir. 1987). In this case, the robber was photographed by various bank cameras, and copies of those photos were circulated in the vicinity of the bank after the robbery. Some people noticed the likeness of the robber to the doctor and the latter was arrested. At trial, the doctor sought to introduce the testimony of an expert to point out critical distinctions in facial features, et cet., between the robber and the doctor, but this testimony was precluded by the grant of a motion *in limine*. Alexander's conviction was reversed because the court held this to be the legitimate and excellent rebuttal of the prosecution's case.

In *United States v. Roark,* 753 F.2d 991 (11th Cir. 1985), a bank teller was tried and convicted of robbing the bank for whom she worked. The confession Roark gave the day after the robbery was used against her at trial. Here, the defense offered testimony from an expert to explain critical factors regarding the confession, but the same was excluded. This error caused reversal of the conviction. See also *United States v. Cohen*, 888 F.2d 770, 777 (11th Cir. 1989) ("trial court's discretion does not extend to exclusion of crucial relevant evidence").

Here, testimony offered by Cryer regarding his non-criminal intent is plainly

admissible and he should be allowed to so testify fully and completely concerning that intent.

## 2. Evidence supportive of that intent.

In addition to being permitted to testify as to intent, Cryer likewise has a right to introduce relevant evidence supportive thereof. Such evidence would include materials that he read, studied and relied upon, and the trend of current case law indicates that such materials are admissible evidence.

In *Commonwealth v. Capitolo*, 471 A.2d 462 (Pa.Super. 1984), several individuals were arrested for trespassing upon property owned by a nuclear power plant. At trial, the defendants offered to submit evidence of a factual nature regarding the reasons why they engaged in the trespass. In reversing the convictions of these parties, the court stated:

> "By limiting appellants' evidence to their own testimony of their reasons for committing the trespass, the trial court – as it recognized it was doing – effectively denied appellants the opportunity to prove justification," Id., at 467.
>
> "And they could not prove their reasonableness without proving what in fact 'the harm or evil sought to be avoided' was. * * * But without any basis in fact these beliefs cannot be reasonable. By rejecting appellants' offer of the expert testimony and documentary evidence summarized in their offer of proof, the trial court precluded appellants from proving that their beliefs did have a basis in fact. Thus the court precluded appellants from proving that their beliefs were reasonable," Id., at 468.

According to this rationale, the court in *Capitolo* would have sanctioned the introduction of the evidence which Cryer will attempt to offer herein.

Several tax cases also show that such evidence is admissible. In *United States v. Garber*, 607 F.2d 92, 99 (5th Cir. 1979), a criminal conviction for violating 26 U.S.C. §7201 was under review. The primary issue in the case was whether the sale of rare blood plasma resulted in taxable income. At trial, Garber sought to prove through an expert, but was

7

prevented from doing so, that her belief regarding the non-taxability of the receipts from the sale of such plasma was reasonable and had a foundation in the law. In reversing Garber's conviction, the Fifth Circuit held:

> "By disallowing Nall's testimony that a recognized theory of tax law supports Garber's feelings, the court deprived the defendant of evidence showing her state of mind to be reasonable."

The Tenth Circuit permits this type of evidence. In *Miller v. United States*, 120 F.2d 968, 970 (10th Cir. 1941), that court stated as follows regarding excluded evidence concerning intent and motive of an accused:

> "Whenever the belief of a person or the motive of his act or conduct is material, he may not only directly testify that he had no intent to defraud, but he may buttress such statement with testimony of relevant circumstances, including conversations had with third persons or statements made by them, tending to support his statement that he had no intent to defraud."

Both in *Miller* and in *Haigler v. United States*, 172 F.2d 986 (10th Cir. 1949), convictions were reversed on the grounds of the exclusion of evidence relating to intent; in *Haigler*, the issue involved exclusion of testimony regarding the defendant's understanding of the law. In *Peterson v. United States*, 268 F.2d 87 (10th Cir. 1959), and *United States v. Brown*, 411 F.2d 1134 (10th Cir. 1969), excluded evidence resulted in reversals. See also *United States v. Poll*, 521 F.2d 329 (9th Cir. 1975), and *United States v. Vreeken*, 803 F.2d 1085 (10th Cir. 1986).

In the past, all Circuits but the Seventh held that the element of "willfulness" in tax prosecutions was premised upon a subjective standard; in contrast, the Seventh Circuit had held that this element was an objective standard, meaning that the defendant's beliefs had to

be objectively reasonable. In *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604 (1991), the Supreme Court resolved this split and declared that "willfulness" was governed by a subjective standard. *Cheek* also appears to have addressed the issue of what type of evidence a defendant can introduce in support of his beliefs. See also *United States v. Pabisz*, 936 F.2d 80 (2nd Cir. 1991).

This became clear in *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1991), which reversed a tax conviction on the grounds that evidence offered by a defendant regarding his intent was erroneously excluded:

> "The Supreme Court in *Cheek* held that 'forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision.' *Cheek*, 111 S.Ct. at 611. Although a district court may exclude evidence of what the law is or should be, see *United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th Cir. 1987), cert. denied, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988), it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant thought the law was in § 7203 cases because willfulness is an element of the offense. In § 7203 prosecutions, statutes or case law upon which the defendant claims to have actually relied are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance. See *United States v. Harris*, 942, F.2d 1125, 1132 n. 6 (7th Cir. 1991); *United States v. Willie*, 941 F.2d 1384, 1391-99 (10th Cir. 1991). Legal materials upon which the defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue: the court remains the jury's sole source of the law. In addition, the court may instruct the jury that the legal material admitted at trial is relevant only to the defendant's state of mind and not to the requirements of the law, and may give other proper cautionary and limiting instructions as well."

The Sixth Circuit has followed *Powell* and likewise reversed a conviction where similar evidence was excluded; see *United States v. Gaumer*, 972 F.2d 723 (6th Cir. 1992).

These pre- and post-*Cheek* decisions point in the direction that documentary evidence Cryer seeks to offer into evidence which buttress and support his beliefs and views should

be admitted into evidence.

### 3. Reliance upon governmental representations.

Cryer may also offer evidence regarding certain statements and representations made by government if they related to his intent and understanding of the law, and many of these statements constitute admissions of the government; see *United States v. Van Griffin*, 874 F.2d 634, 638 (9th Cir. 1989)(government manuals admissible as party admissions under Fed.R.Evid. 801(d)(2)(D)); and *United States v. GAF Corp.*, 928 F.2d 1253 (2nd Cir. 1991). In *Arizona Grocery Co. v. Atchison, T. & S.F. Ry. Co.*, 284 U.S. 370, 52 S.Ct. 183 (1932), it was held that a party could rely upon the representations made by a government agency, and in *Moser v. United States*, 341 U.S. 41, 71 S.Ct. 553 (1951), the Court held that such reliance could constitute a defense to actions taken by the government. These decisions are buttressed by others such as *Raley v. Ohio*, 360 U.S. 423, 79 S.Ct. 1257 (1959), *Cox v. Louisiana*, 379 U.S. 559, 85 S.Ct. 476 (1965), *United States v. Laub*, 385 U.S. 475, 487, 87 S.Ct. 574 (1967), and *United States v. Penn. Industrial Chemical Corp.*, 411 U.S. 655, 674, 93 S.Ct. 1804, 1816 (1973). In *Penn. Industrial*, supra, a company being criminally prosecuted for water pollution sought to assert a defense of reliance upon certain applicable agency regulations, but the trial court precluded the admission of such evidence. In reversing, the Supreme Court held that this reliance did constitute a defense and that the agency representations, the subject regulations, should be given as instructions.

The federal appellate courts do recognize the "reliance" defense. One of the earliest cases granting verdict for a defendant on this ground was *United States v. Mancuso*, 139 F.2d

90, 92 (3rd Cir. 1943). Here, the defendant filed suit to enjoin being drafted and the district court erroneously granted an injunction. Mancuso later used the injunction order as justification for refusing induction. His conviction for refusing enlistment was vacated because of his reliance upon the erroneous order.

Other courts have addressed this issue. In *United States v. Tallmadge*, 829 F.2d 767, 775 (9th Cir. 1987), the defendant was being prosecuted for possessing firearms after conviction for a felony. In defense, Tallmadge demonstrated that a licensed arms dealer, held to be a government agent, represented to him that it was lawful for him to acquire firearms. Because Tallmadge relied upon the word of this government agent, that court held that it would violate due process to convict him:

> "The prosecution and conviction of Tallmadge for the receipt and possession of firearms, after he was misled by the government agent who sold him the weapons into believing that his conduct would not be contrary to federal law, violated due process."

See also *United States v. Albertini*, 830 F.2d 985 (9th Cir. 1987).

In *United States v. Clegg*, 846 F.2d 1221 (9th Cir. 1988), the defendant was charged with arms smuggling in Pakistan and sought to defend himself with the factual defense that high government officials approved his activities; that court held such to be a valid defense. In *United States v. Heller*, 830 F.2d 150, 154 (11th Cir. 1987), the defendant, a lawyer, was convicted of tax crimes and sought to defend on the basis that his accounting methods conformed with the dictates of a tax court decision. In reversing the convictions, that court held that a jury instruction covering the substance of the tax court decision upon which Heller had relied should have been given. In *United States v. Hedges*, 912 F.2d 1397 (11th

Cir. 1990), the defendant had acted upon the advice given to him by a Standards of Conduct officer regarding a conflict of interest matter. Hedges was prosecuted for conflicts violations, defended himself with the factual argument that he had relied upon the advice of the Standards officer, and tendered a corresponding requested jury instruction which was not given. On appeal, the court acknowledged the validity of this defense and held it was error to refuse the giving of a jury instruction on this point. In *United States v. Brady*, 710 F.Supp. 290 (D.Colo. 1989), a defendant charged with illegal possession of firearms ("coyote getters") was acquitted when he showed that he directly relied upon the word of a state judge. The most recent case on this issue, *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992), was one where the trial court dismissed an indictment because of reliance upon a government representation.

The refined essence of these cases is that a criminal defendant does have available the defense of reliance upon representations made to him by government officials, whether judges or executive department officers and agents.

## B. DIRECTING A VERDICT UPON ELEMENTS IN A CRIMINAL CASE

In criminal cases, a court cannot direct a verdict of guilty or direct the finding of any particular element of the prosecution's case; see *United Brotherhood of Carpenters and Joiners of America v. United States*, 330 U.S. 395, 408, 67 S.Ct. 775, 782 (1947); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572, 97 S.Ct. 1349, 1355 (1977); *Connecticut v. Johnson*, 460 U.S. 73, 83, 103 S.Ct. 969, 975 (1983); *United States v. Hayward*, 420 F.2d 142, 144 (D.C. Cir. 1969); *United States v. Spock*, 416 F.2d 165, 180

(1st Cir. 1969); *United States v. Manuszak*, 234 F.2d 421, 425 (3rd Cir. 1956); *United States v. Johnson*, 718 F.2d 1317 (5th Cir. 1983); *United States v. Burton*, 737 F.2d 439, 441 (5th Cir. 1984); *United States v. Bass*, 785 F.2d 1282, 1285 (5th Cir. 1986); *Schwachter v. United States*, 237 F.2d 640, 644 (6th Cir. 1956); *Buchanan v. United States*, 244 F.2d 916, 920 (6th Cir. 1957); *United States v. Rowan*, 518 F.2d 685, 693 (6th Cir. 1975); *United States v. England*, 347 F.2d 425 (7th Cir. 1965); *United States v. Kerley*, 838 F.2d 932, 937 (7th Cir. 1988); *Compton v. United States*, 377 F.2d 408, 411 (8th Cir. 1967); *United States v. Goings*, 517 F.2d 891, 892 (8th Cir. 1975); *United States v. Garaway*, 425 F.2d 185 (9th Cir. 1970); and *United States v. Goetz*, 746 F.2d 705, 708 (11th Cir. 1984).

In this case, if Cryer attempts to offer any evidence concerning any or all of the elements which must be proven herein to convict him, that evidence not only should be admitted, but this Court cannot exclude such proof and essentially direct a verdict as to the contested element.

## C. THEORY OF DEFENSE JURY INSTRUCTIONS

A defendant in a criminal case is entitled to jury instructions regarding the law of his defense if there is evidence to support the requested defense instruction. As it is essential to instruct a jury on the elements required to be shown and proved for the offense set forth in an information or indictment, it is likewise essential that instructions on defenses to that charge, or elements of the defense, be given. Lawful defenses are numerous and include such defenses as alibi, consent, self-defense, insanity, entrapment, lack of requisite mens rea, reliance upon advice, good faith misunderstanding of the law, reliance upon Supreme Court

opinions and many others. A failure to instruct a jury on the law supportive of a defense creates in any jury's mind the assumption that the only task before it is to determine if the government has proven the elements of the offense charged, regardless of any real, factual defenses presented in evidence and argued in closing by counsel.

In *Bird v. United States*, 180 U.S. 356, 391, 21 S.Ct. 403 (1901), the Supreme Court, in reversing a conviction on the basis of a failure to give defense instructions, explained this rule as follows:

> "It is well settled that the defendant has a right to a full statement of the law from the court, and that a neglect to give such full statement, when the jury consequently fall into error, is sufficient reason for reversal. * * * The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side and the other, and to bring into view the relations of the particular evidence addressed to the particular issues involved."

Here, a murder conviction was reversed because of a failure to give the theory of defense related to self-defense.

In *Strauss v. United States*, 376 F.2d 416, 419 (5th Cir. 1967), the court reversed a conviction on the basis of a failure to give theory of defense instructions. In equating the failure to so instruct with the impermissible conduct of directing a verdict in a criminal case, the court stated:

> "It is elementary law that the defendant in a criminal case is entitled to have presented instructions relating to a theory of defense for which there is any foundation in the evidence. * * * If the trial judge evaluates or screens the evidence supporting a proposed defense, and upon such evaluation declines to charge on that defense, he dilutes the defendant's jury trial by removing the issue from the jury's consideration. In effect, the trial judge directs a verdict on that issue against the defendant. This is impermissible."

Like the *Strauss* case above for the Fifth Circuit, the Seventh Circuit follows this proposition

of law. In *United States v. Indian Trailer Corp.*, 226 F.2d 595 (7th Cir. 1955), and *United States v. Phillips*, 217 F.2d 435 (7th Cir. 1954), that circuit reversed convictions where theory of defense instructions were not given, and the *Phillips* case was a tax evasion case. In *United States v. Grimes*, 413 F.2d 1376, 1378 (7th Cir. 1969), the court stated the rule as follows when it reversed a conviction:

> "The defendant in a criminal case is entitled to have the jury consider any theory of the defense which is supported by law and which has some foundation in the evidence, however tenuous."

Convictions were similarly reversed in *United States v. Vole*, 435 F.2d 774 (7th Cir. 1970), and *United States v. Martin-Trigona*, 684 F.2d 485 (7th Cir. 1982), so this rule continues its validity today. This is the position of the remainder of the circuits; see *Walker v. United States*, 344 F.2d 795 (1st Cir. 1965); *United States v. Nani*, 218 F.2d 730 (2nd Cir. 1955); *United States v. Sawyer*, 210 F.2d 169 (3rd Cir. 1954); *United States v. Mitchell*, 495 F.2d 285 (4th Cir. 1974); *United States v. Steinhorn*, 927 F.2d 195 (4th Cir. 1991); *United States v. Lewis*, 592 F.2d 1282 (5th Cir. 1979); *United States v. Curry*, 681 F.2d 406 (5th Cir. 1982); *Marson v. United States*, 203 F.2d 904 (6th Cir. 1953); *United States v. Garner*, 529 F.2d 962 (6th Cir. 1976); *United States v. Manning*, 618 F.2d 45 (8th Cir. 1980); *Lufty v. United States*, 198 F.2d 760 (9th Cir. 1952); *United States v. Corrigan*, 548 F.2d 879 (10th Cir. 1977); *Perry v. United States*, 422 F.2d 697 (D.C. Cir. 1969); and *Smith v. United States*, 331 F.2d 784 (D.C.Cir. 1964).

In *United States v. Opdahl*, 930 F.2d 1530, 1533 (11th Cir. 1991), a conviction was reversed due to the failure of the District Court to include within its jury instructions the

"theory of the defense" in that case. There, the court stated:

> "The district court's refusal to deliver a jury instruction requested by defendant constitutes reversible error if the instruction '(1) is correct, (2) is not substantially covered by other instructions which were delivered, and (3) deals with some point in the trial so 'vital that the failure to give the requested instruction seriously impaired the defendant's ability to defend.' "

See also *United States v. Morris*, 20 F.3d 1111, 1117 (11th Cir. 1994), and *United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995).

In *United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2nd Cir. 1991), that court, in reversing some criminal convictions, stated the general rule by simply quoting other cases:

> " '[A] criminal defendant is entitled to instructions relating to his theory of defense, for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court'; * * * '[i]t is well established that '[a] criminal defendant is entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible that evidence may be.' "

Finally in *United States v. Garner*, 529 F.2d 962, 970 (6th Cir. 1976), that court stated the general rule in the following fashion:

> "In a criminal case it is reversible error for a trial Judge to refuse to present adequately a defendant's theory of defense.
>
> "[W]hen a theory of defense finds some support in the evidence and in the law, a defendant is entitled to some mention of that theory in the instructions. * * * Even when the supporting evidence is weak or of doubtful credibility its presence requires an instruction on the theory of defense."

Here, depending upon the evidence and testimony presented by Cryer, theory of defense instructions which are submitted on his behalf should be given to the jury.

### D. EXPERT WITNESSES & OATHS.

Sometimes, prosecutors invade the province of the jury by having experts testify about

16

various ultimate facts in a case. This can lead quite often to reversal of any convictions; see *United States v. Benson*, 941 F.2d 598 (7th Cir. 1991). Some witnesses have religious objections to taking an oath which should be taken into consideration; see *Gordon v. Idaho*, 778 F.2d 1397 (9th Cir. 1985); and *Ferguson v. Commissioner*, 921 F.2d 588 (5th Cir. 1991).

## CONCLUSION

For the reasons expressed above, Cryer should be permitted to fully and completely testify herein and offer evidence in support of his beliefs, the court should allow conflicting evidence on all elements of proof in this case, and Cryer's theory of defense instructions should be given.

Respectfully submitted this the 12th day of March, 2007.

／s／ George E. Harp
George E. Harp
610 Marshall St., Ste. 619
Shreveport, LA 71101
(318)424-2003
Attorney for Tommy K. Cryer

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of March, 2007, served a copy of the foregoing Brief Concerning Trial Issues with the Clerk of the Court by first class U. S. Mail, with sufficient postage affixed thereto to the following:

Earl Campbell
U.S. Attorney's Office
300 Fannin Street, St. 3201
Shreveport, LA 71101

／s／ George Harp
George Harp