U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAR 1 2 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT
OF LOUISIANA
FILED

MAR 12 P 1:40

ROBERT H. SHEMWELL
CLERK
BY
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| TOMMY K. CRYER, | ) |
| | ) |
| Defendant. | ) |

Case No. 06-50164-01

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Comes now the Defendant, Tommy K. Cryer, by and through his undersigned attorney, and does hereby submit to this Honorable Court the following Defendant's Requested Jury Instructions which Cryer asks that the Court give during its charge to the jury in this case. Cryer further requests that he be allowed to submit any additional requested instructions for any other issues which might arise during trial.

Respectfully submitted this the 12th day of March, 2007.

_George E. Harp_
George E. Harp

610 Marshall St., Ste. 619
Shreveport, LA 71101
(318)424-2003

Attorney for Tommy K. Cryer

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

Fifth Circuit Pattern Criminal Jury Instructions (2001), No. 1.03.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

Fifth Circuit Pattern Criminal Jury Instructions (2001), No. 1.04.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

## INDICTMENT AND PRESUMPTION OF INNOCENCE

The defendant has been charged by the government with certain violations of federal law. The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of his guilt. It is an accusation only. The law presumes a defendant innocent. The presumption of innocence means that a defendant starts the trial with a clean slate. In other words, I instruct you that the defendant is presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied after careful and impartial consideration of all of the evidence in the case that the government has proven him guilty beyond a reasonable doubt. Unless you are satisfied beyond a reasonable doubt that the defendant is guilty, the presumption alone is sufficient to find the defendant not guilty.[1]

A grand jury does not decide guilt. It hears only one side of the case, and that is the prosecution's side. No defense attorney is permitted to be present at the grand jury sessions, and defense witnesses are seldom heard.[2]

---

[1] This instruction was found to be preferable to the Fifth Circuit Pattern Instruction in *United States v. Walker*, 861 F.2d 810 (5th Cir. 1988) (adapted).

[2] See *United States v. Molin*, 244 F. Supp. 1015, 1017 (D. Mass. 1965).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

## BURDEN OF PROOF - REASONABLE DOUBT

The indictment of formal charges against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

Thus the defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless you the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The defendant has pled "not guilty" to each of the charges in the indictment. These pleas put in issue each of the elements of the offenses, as described in these instructions, and the government has the burden of establishing each of these elements by proof beyond a reasonable doubt.

I have said that the government must prove the defendant guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt. The words almost define themselves. It is a doubt based upon reason and common sense. It is a

doubt that a reasonable person has after careful and impartial consideration of all of the evidence. A reasonable doubt is not a caprice, whim, or speculation. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. Reasonable doubt is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if you, after careful and impartial consideration of all the evidence in the case, have a reasonable doubt that the defendant is guilty of the charge, you must acquit. If you view the evidence in the case a reasonably permitting either of two conclusions – one of innocence, the other of guilt – you should, of course, adopt the conclusion of innocence.

See Pattern Jury Instruction 1.06, United States Fifth Circuit (West 1990); Vol. 1, E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 12.10 (4th ed. 1992).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

## EVENLY BALANCED EVIDENCE

The line between honest belief and purposeful misrepresentation and deceit is not always clear.  Since the defendant's guilt or innocence depends upon where that line is drawn, however, you may not convict if the evidence is evenly balanced between guilt and innocence.

See *Estep v. United States*, 140 F.2d 40, 45 (10th Cir. 1943); *Coleman v. United States*, 167 F.2d 837, 838 (5th Cir. 1948); *Brumbelow v. United States*, 323 F.2d 703, 705 (10th Cir. 1963); *Pauldino v. United States*, 379 F.2d 170, 172 (10th Cir. 1967); *United States v. Jones*, 418 F.2d 818, 826 (8th Cir. 1969); *United States v. Delay*, 440 F.2d 566, 568 (7th Cir. 1971); *United States v. Kelton*, 446 F.2d 669, 671 (8th Cir. 1971); *United States v. Leon*, 534 F.2d 667, 677 (6th Cir. 1976); *United States v. Campion*, 560 F.2d 751 (6th Cir. 1977); and *United States v. Harris*, 942 F.2d 1125 (7th Cir. 1991).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

## EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.  Remember that any statements, objections, or arguments made by the lawyers are not evidence.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been stricken in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

Fifth Circuit Pattern Criminal Jury Instructions (2001), No. 1.06.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

## EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that  something is or is not a fact.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Fifth Circuit Pattern Criminal Jury Instructions (2001), No. 1.07.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses including the defendant who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

Fifth Circuit Pattern Criminal Jury Instructions (2001), No. 1.08.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true.  You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

Fifth Circuit Pattern Criminal Jury Instructions (2001), No. 1.10.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

## EXPERT WITNESS

During the trial you heard the testimony of _____, who has expressed opinions concerning the tax laws. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Fifth Circuit Pattern Criminal Jury Instructions (2001), No. 1.17.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11

## CAUTION-CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

Fifth Circuit Pattern Criminal Jury Instructions (2001), No. 1.19.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence.  Charts and summaries are valid only  to the extent that they accurately reflect the underlying supporting evidence.  You should give them only such weight as you think they deserve.

Fifth Circuit Pattern Criminal Jury Instructions (2001), No. 1.44.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13

## QUESTIONS

Let me emphasize that a lawyer's question is not evidence.  At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.  On the other hand, if the witness adopts or agrees to the assumed facts in his or her answer, then the witness may be considered to have testified to the facts assumed in the question, and his or her testimony is evidence of those facts.

L. Sand, T. Siffert, W. Loughlin & S. Weiss, Modern Federal Jury Instructions, ¶ 5.01, at No. 5-3 (adapted) [Model Instructions from this source are hereinafter cited as "Sand, ¶ _____, at No. ____."]; *United States v. DeFillipo*, 590 F.2d 1228, 1240 (2d Cir.), cert. denied, 442 U.S. 920 (1979).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Seventh Circuit Pattern Criminal Federal Jury Instruction No. 1.09 (1998).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15

## EACH ELEMENT MUST BE ESTABLISHED BEYOND REASONABLE DOUBT

Unless the government proves beyond reasonable doubt that the defendant has committed every element of each of the offenses with which he is charged, you must find the defendant not guilty.

See Vol. 1, E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 12.10 (4th ed. 1992).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16

## THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals under the laws.

Sand, ¶ 2.01, at No. 2-5 (adapted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17

### IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age.  All persons are entitled to the presumption of innocence.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

Sand, ¶ 2.01, at No. 2-5 (adapted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18

## LAW ENFORCEMENT WITNESS

Because a particular witness may be a law enforcement officer such as an investigator, a FBI agent, or for that matter an employee of any other government agency, that does not mean that his or her testimony is deserving of any special consideration or any greater weight by reason of that fact.

It is quite legitimate for counsel to attack or question the credibility of an agent or other government employee on the ground that his or her testimony may be colored by personal or professional interest in the outcome of the case.

See *Bush v. United States*, 375 F.2d 602 (D.C. Cir. 1967).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19

### GUILT BY ASSOCIATION

There is a long-standing rule against "guilt by association."  A defendant may not be convicted merely because people who worked with him committed criminal conduct. In this case, the defendant cannot be convicted simply because he was associated with or friendly with anyone you may find to have acted in violation of the law.  Each element of each offense must be proved independently against the defendant individually on the basis of his own conduct and state of mind.

See *United States v. Romo*, 669 F.2d 285, 288 (5th Cir. 1982).

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20

## SEPARATE CONSIDERATION OF CHARGES

## SINGLE DEFENDANT

## MULTIPLE COUNTS

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

Seventh Circuit Pattern Criminal Federal Jury Instruction No. 7.03 (1998).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21

### TAX EVASION

The Defendant is charged in both counts of the indictment with violating 26 U.S.C. § 7201. This law provides that "[a]ny person who willfully attempts in any manner to evade or defeat any tax ... or the payment thereof of, shall" ... be guilty of an offense against the laws of the United States. To sustain a charge of attempting to evade or defeat the defendant's individual tax, the government must prove the following:

*First,* on April 15 of the year following the tax year, federal income tax was due and owing by the defendant;

*Second,* a defendant intended to evade or defeat the ascertainment, assessment, computation or payment of the tax; and

*Third,* the defendant willfully did some act in furtherance of the intent to evade tax or payment of the tax.

If you find from your consideration or of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty. If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

See *Sansone v. United States,* 380 U.S. 343, 351 (1965); *United States v. Marabelles,* 724 F.2d 1374, 1380 (9th Cir. 1984); and *United States v. Dwoskin,* 644 F.2d 418, 419 (5th Cir. 1981). The above is from Pattern Criminal Federal Jury Instructions for the 7th Circuit (2003).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22

### WHAT IS NOT TAX EVASION

The failure to act is an act of omission, and is neither an act of commission or an affirmative action.

Failing to file tax returns, failing to keep records, failing to report and failing to pay income taxes are not affirmative acts or acts of commission.

See *Sansone v. United States*, 380 U.S. 343, 351 (1964); *Lawn v. United States*, 355 U.S. 339, 361 (1958); *Spies v. United States*, 317 U.S. 492, 496 (1942); *United States v. Romano*, 938 F.2d 1569 (2nd Cir. 1991); *United States v. Tarnopol*, 561 F.2d 466, 474-75 (3rd Cir. 1977); *United States v. Doyle*, 956 F.2d 73, 75 (5th Cir. 1992); *Griffin v. United States*, 173 F.2d 909, 910 (6th Cir. 1949); *Bridgeforth v. United States*, 233 F.2d 451, 453 (6th Cir. 1956); *United States v. Mesheski*, 286 F.2d 345, 346 (7th Cir. 1961); and *United States v, Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 23

## "KNOWINGLY" – TO ACT

The words "knew" and "knowingly," as those terms have been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

[You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.]

Fifth Circuit Pattern Criminal Jury Instructions (2001), No. 1.37.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 24

The charge of income tax evasion includes the lesser charge of willful failure to file federal income tax returns.

If you find a defendant not guilty of income tax evasion, or if after making every reasonable effort to reach a unanimous verdict on that charge, you find that you cannot agree, then you must go on to consider whether the government has proved the lesser charge of willful failure to file federal income tax returns.

If you decide that the government has proved this lesser charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the verdict form. If you decide that the government has not proved this lesser charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it and return it to me.

Sixth Circuit Pattern Criminal Jury Instructions 8.07. See *United States v. Buckley*, 586 F.2d 498, 504-05 (5th Cir. 1979)(§7203 offenses are lesser included offenses of §7201); *United States v. Boone*, 951 F.2d 1526, 1541 (9th Cir. 1991); and *United States v. Snyder*, 766 F.2d 167, 171 (4th Cir. 1985).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 25

## ELEMENTS OF WILLFUL FAILURE TO FILE

Title 26, United States Code, Section 7203, makes it a Federal crime or offense for a taxpayer to willfully fail to file a federal income tax return when required to do so by the Internal Revenue laws or regulations.

A Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:  That the Defendant was required by law or regulation to make

a return of his income for the taxable year charged;

Second: That the Defendant failed to file a return at the time required by law; and

Third: That the Defendant's failure to file the return was willful.

As has been said before, the burden is on the prosecution to prove every element of the offense charged beyond reasonable doubt. The law never imposes on the defendant in a criminal case the burden of producing any evidence or of calling any witnesses.

Eleventh Circuit Pattern Jury Instruction: Offense Instruction No. 82 (as modified).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 26

### SPECIFIC INTENT

The specific intent of willfulness is an essential element of both offenses of filing false tax returns and willfully failing to file tax returns.

The term "willfully" used in connection with this offense means voluntarily, purposefully, deliberately and intentionally as distinguished from accidentally, inadvertently, or negligently.

Mere negligence, even gross negligence, is not sufficient to constitute willfulness under the criminal law.

Filing false returns and willfully failing to file tax returns are willful if the defendant's actions were voluntary and purposeful, and committed with the specific intent to commit such offenses; that is to say, with a bad purpose or evil motive to disobey or disregard the law which required the defendant to file the tax returns at issue in this case.

On the other hand, the defendant's conduct is not willful if you find that his actions were the result of negligence, inadvertence, accident or reckless disregard for the requirements of the law, or due to his good faith misunderstanding of the requirements of the law.

Section 35.31, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Third Edition, 1977.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 27

### WILLFULNESS

"Willfulness" is negated by the defense of a good faith mistake of the law's requirements. To make such a determination, one must inquire into the defendant's mind, his mental attitude and approach to the situation which the law required of him some act. If you find that the defendant, subjectively in his own mind, believed that he was not required by the law to file the tax returns in question, it will be your duty to acquit him.

See *United States v. Aitken*, 755 F.2d 188 (1st Cir. 1985); *United States v. Phillips*, 775 F.2d 262 (10th Cir. 1985); *United States v. Whiteside*, 810 F.2d 1306 (5th Cir. 1987).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 28

## WILLFULNESS

The law might very clearly tax specified receipts, yet a defendant might be able to prove that he honestly believed the receipts were nontaxable, and therefore he did not act willfully. Whether the defendant's beliefs about the legality of his actions were right or wrong, reasonable or unreasonable, is irrelevant to willfulness; the only issue is whether those beliefs were in fact held.

If you believe that the defendant held sincere and honest beliefs that his receipts were not taxable, it is your duty to acquit him of all counts in the indictment.

See *United States v. Aitken*, 755 F.2d 188 (1st Cir. 1985).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 29

## ANTI-INJUNCTION LAW

The Anti-Injunction Statute, 26 U.S.C. §7421, is a law that prevents any person from commencing a lawsuit or civil action against the government that is designed to enjoin or prevent the assessment or collection of any tax. Thus for income taxes, which are taxes that fall within the scope of the Anti-Injunction Statute, no person can civilly sue the government to enjoin, prevent, or challenge any assessment or collection of an income tax.

Further, no person can bring any type of civil action seeking declaratory judgment pursuant to 28 U.S.C. §2201, because the law prevents all actions for declaratory judgments with respect to federal taxes.

Thus, a person is prevented by law from civilly seeking a determination of his liability for income taxes and from seeking to prevent the assessment or collection of an income tax allegedly due and owing.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 30

## RELIANCE ON COURT DECISIONS

Because of the operation of law, a party must make his own decisions, unaided by a civil court, regarding his liability for income taxes and the assessment and collection of income taxes. Accordingly, a person may study case law and statutes to aid him in making those decisions. As a result, he may reach a belief and decision concerning his liability for income taxes and about what he is required and not required to do in reference to this subject.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 31

## RELIANCE ON COURT DECISIONS

In forming opinions and beliefs regarding one's liability for income tax, the requirement for one to make certain returns, pay taxes, and any other aspect of income tax law, a person may rely upon decisions of the United States Supreme Court and other courts.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 32

## RELIANCE ON COURT DECISIONS

In relying upon opinions of the U.S. Supreme Court in reference to tax matters, a person can reach certain conclusions and beliefs regarding his liability for a tax and the applications of tax law to him. If he does rely upon U.S. Supreme Court opinions, he is not acting "willfully" within the meaning of the law that the defendant is charged with having violated. This is so even if he misinterprets or misunderstands such opinions.

See *United States v. Bishop*, 412 U.S. 346, 93 S.Ct. 3008 (1973).

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 33

# RELIANCE ON GOVERNMENT DOCUMENTS

An American citizen such as the defendant has a right to rely upon representations and statements made by the government and appearing in official publications or documents.

See *Raley v. Ohio*, 360 U.S. 423, 438, 79 S.Ct. 1257, 1266 (1959); *Cox v. Louisiana*, 379 U.S. 559, 85 S.Ct. 476 (1965); and *United States v. Laub*, 385 U.S. 475, 87 S.Ct. 574 (1967).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 34

## ELEMENT OF WILLFULNESS

If the defendant acted in good faith, that is to say he actually believed the actions he took were allowable by law, then he is not guilty of the offenses of filing false tax returns and willfully failing to file tax returns. It does not matter whether the defendant was right or wrong in his beliefs, nor does it matter if his beliefs make sense, or sounds reasonable to you the jury or to me as the judge. The only thing that matters is whether or not the defendant actually believed he was correct in his actions. Also, it is not the defendant's burden to prove that he did believe his actions were correct, but rather it's the Government's burden to prove that he did not.

It is for you, the jury, to decide whether the Government has proven that the defendant willfully committed these offenses by proving beyond a reasonable doubt that he did not actually believe his actions were correct, and by proving all the other elements that I have explained to you in these instructions, or whether the defendant believed his actions were proper. If you find that the Government has failed to meet its burden, then you must find the defendant not guilty of these offenses. If there is any doubt in your mind as to this issue, or even if you conclude that the defendant could have only believed his actions were proper by abysmal ignorance and the rankest kind of stupidity, yet you find that he believed he was correct, you must find the defendant not guilty.

See *United States v. Powell*, 955 F.2d 1206 (9th Cir. 1991);  *Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Pomponio*, 429 U.S. 10, 11 n. 2, 13 (1976); *United States v. Wilkins*, 385 F.2d 465, 474 (4th Cir. 1967); *United States v. Burton*, 737 F.2d 439 (5th Cir. 1984); *United States v. Bass*, 784 F.2d 1282 (5th Cir. 1986); *United States v. Lisowski*, 504 F.2d 1268, 1270 (7th Cir. 1974); *United States v. Lewis*, 671 F.2d 1025, 1027 (7th Cir. 1982); and *United States v. Goetz*, 746 F.2d 705 (11th Cir. 1984).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 35

### ELEMENT OF WILLFULNESS

To act "willfully" means to act voluntarily and intentionally in violation of a known legal duty. Mere negligence, even gross negligence, does not constitute willfulness under the criminal law. A defendant does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law. A good faith belief is one which is honestly and genuinely held. Therefore, if the defendant subjectively believed that what he was doing was in compliance with the tax statutes, he cannot be said to have the criminal intent required to engage in tax evasion or to willfully fail to file federal income tax returns. In proving willfulness, it is the government's burden to prove beyond a reasonable doubt that the defendant did not act with a good faith belief as to what the law required of him. If you find that the defendant believed in good faith he was acting in compliance with the law as to any count, you must find him not guilty as to that count.

A belief need not be objectively reasonable to be held in good faith. Nevertheless, you may consider whether the defendant's stated belief about the tax statutes was reasonable as a factor in deciding whether the belief was honestly or genuinely held. In considering the defendant's good faith misunderstanding of the law, you must make your decision based upon what the defendant believed in his own mind, and not upon what you or someone else believe or think the defendant ought to believe. Whether the defendant's

beliefs about the legality of his actions were right or wrong, reasonable or unreasonable, is irrelevant to the issue of willfulness; the only issue is whether those beliefs were in fact held by the defendant.

This instruction was recently given by U.S. District Judge Sam Sparks in the case of United States v. Charles Thomas Clayton, Case No. 1:06-cr-00069-SS-1, pending in the U.S. District Court for the Western District of Texas in Austin (Doc. #54).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 36

## NOT KNOW LAW

In this case, the defendant is not presumed to know the law. For any law the government asserts the defendant knew, the government must prove beyond a reasonable doubt that the defendant knew it.

See *Ratzlaf v. United States*, 510 U.S. 135, 114 S.Ct. 655 (1994); *United States v. Alt*, 996 F.2d 827 (6th Cir. 1993); and *United States v. Rogers*, 18 F.3d 265 (4th Cir. 1994).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 37**

**DISAGREEMENT WITH THE LAW AND
BELIEF THAT LAW IS UNCONSTITUTIONAL
DEFINED**

To find that the defendant had a "disagreement with the law" that would be evidence of the defendant acting willfully, you the jury must find that he knew that the federal income tax laws imposed a tax on his income and he consequently owed such taxes and was required to file tax returns.

To find that the defendant believed that the federal income tax laws were unconstitutional and thus show that the defendant was acting willfully, you the jury must find that he knew that the federal income tax laws imposed a tax on his income and he consequently owed such taxes  and was required to file tax returns.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 38

## THEORY OF DEFENSE

If you find that the defendant believed in good faith that for the year 2000 his income was not taxable, it shall be your duty to acquit him for count 1 of the indictment.

If you find that the defendant believed in good faith that for the year 2001 his income was not taxable, it shall be your duty to acquit him for count 2 of the indictment.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 39

## PROTECTED SPEECH

The First Amendment to the United States Constitution prohibits the government from punishing speech, even speech that advocates unlawful conduct, unless that speech is directed to inciting or producing imminent lawless action and is likely to incite or produce such action. "Imminent lawless action" means violence or physical disorder in the nature of a riot. Included within this right of free speech is the right to send letters to public officials and employees asking questions.

See *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969); *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 928 (1982), *Noto v. United States*, 367 U.S. 290 291, (1961), *Yates v. United States*, 354 U.S. 298, 318 (1957); *Hess v. Indiana*, 414 U.S. 105, 108-09 (1973); *White v. Lee*, 227 F. 3d 1214 (9th Cir. 2000).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 40

## PETITION FOR REDRESS OF GRIEVANCES

The right to petition the government extends to all departments of the government, including the executive department, the legislature, agencies, and the courts.

See *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *White v. Lee*, 227 F. 3d 1214 (9th Cir. 2000).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 41
## GOOD FAITH RELIANCE UPON ADVICE OF COUNSEL

Good faith is a complete defense to the charges in the indictment since good faith on the part of the Defendant is inconsistent with the existence of willfulness which is an essential part of the charge. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged in the indictment.

So, a Defendant would not be "willfully" doing wrong if, before taking any action with regard to the alleged offense, the Defendant consulted in good faith an attorney whom the Defendant considered competent, made a full and accurate report to that attorney of all material facts of which the Defendant had the means of knowledge, and then acted strictly in accordance with the advice given by that attorney.

Whether the Defendant acted in good faith for the purpose of seeking advice concerning questions about which the Defendant was in doubt, and whether the Defendant made a full and complete report to the attorney, and whether the Defendant acted strictly in accordance with the advice received, are all questions for you to determine.

Eleventh Circuit Pattern Criminal Jury Instructions, Special Instruction 18  (2003). See United States v. Eisenstein, 731 F.2d 1540, 1544 (11th Cir. 1984).

**Notes:**

Under certain circumstances reliance on a qualified tax preparer is an affirmative defense to a charge of willful filing of a false tax return. *United States v. Charroux*, 3 F.3d 827, 831 (5th Cir. 1993); *United States v. Wilson*, 887 F.2d 69, 73 (5th Cir. 1989).  See also *United States v. Masat*, 948 F.2d 923, 930 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 108 (1992) (to establish reliance as a defense, defendant must show that (1) he relied in good faith on a professional and (2) he made complete disclosures of all the relevant facts).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 42

## DUTY TO DELIBERATE – VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. Your  duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt .

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Fifth Circuit Pattern Criminal Jury Instructions (2001), No. 1.24.

CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of March, 2007, I have served a copy of the foregoing Proposed Jury Instructions by first class U. S. Mail, with sufficient postage affixed, to:

Earl Campbell
U.S. Attorney's Office
300 Fannin Street, St. 3201
Shreveport, LA 71101

Dated this the 12th day of March, 2007.

George E. Harp