UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES                           CIVIL ACTION NO. 06-50164

VERSUS                                  JUDGE HICKS

TOMMY K. CRYER                          MAGISTRATE HORNSBY

**MEMORANDUM ORDER**

On October 25, 2006, the Grand Jury indicted the defendant for tax evasion violations under 26 U.S.C. § 7201.  Before the Court are four motions to dismiss that indictment.  For the reasons which follow, the motions to dismiss are denied.

**I.    First Motion to Dismiss**

In his first motion to dismiss, the defendant contends that the indictment fails to allege affirmative acts of tax.  To obtain a conviction under Section 7201, the Government must prove willfulness, a substantial tax deficiency, and an affirmative act constituting an attempted evasion of the tax.  Spies v. United States, 317 U.S. 492, 63 S.Ct. 364 (1943). Section 7201 contemplates an attempt "in any manner" and, as the Supreme Court has stated, a willful attempt may be inferred from any conduct having the likely effect of misleading or concealing. Spies, 317 U.S. at 499, 63 S.Ct. at 368.

The indictment charges the defendant with creating a trust, listing himself as the trustee, then failing to file a tax return on behalf of the trust to report the payment of dividends, interest and stock income to the trust, thereby concealing the receipt of certain

sources of income from the Internal Revenue Service. [Doc. No. 1]. The Court finds that a willful attempt may be inferred from the charged conduct. Accordingly, the indictment charges the defendant with affirmative acts of tax evasion pursuant to Spies v. United States. The motion to dismiss [Doc. No. 9] is **DENIED**.

## II.     Second Motion to Dismiss

In his second motion, the defendant claims that the indictment should be dismissed because the Secretary of the Treasury failed to comply with the Administrative Procedure Act (APA) by not publishing certain information in the Federal Register. This claim is without merit. See United States v. Bowers, 920 F.2d 220 , 222 (4th Cir.1990) (upholding defendants' conviction under 26 U.S.C. § 7201). The second motion to dismiss [Doc. No. 20] is **DENIED**.

## III.    Third Motion to Dismiss

In his third motion to dismiss, the defendant claims that he did not create the Trust referenced in the indictment to evade his tax obligation and that the Trust did not yield any taxable income. These are disputed fact issues which are inappropriate for resolution in pretrial motions. The third motion to dismiss [Doc. No. 21] is **DENIED.**

## IV.     Fourth Motion to Dismiss

Defendant's fourth motion to dismiss contends that his income, which was derived through the practice of law in Louisiana, is not "taxable income" as defined by the Internal Revenue Code. Defendant's contention is without merit. See Commissioner v. Gleanshaw Glass Co., 346 U.S. 426 (1955); Londale v. Commissioner, 661 F.2d 71 (5th Cir. 1981). See also Sochia v. Federal-Republic's Cent. Government, Slip Copy, 2006 WL 3372509

(W.D.Tex. 2006) and authorities cited therein. The fourth motion to dismiss [Doc. No. 25] is **DENIED.**

Based on the foregoing:

**IT IS ORDERED** that Defendant's motions to dismiss the indictment [Doc. Nos. 9, 20, 21 & 25] are hereby DENIED.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 19th day of March, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE