**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES                          CIVIL ACTION NO. 06-50164

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

TOMMY K. CRYER                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is defendant's motion to dismiss for duplicity [Doc. No. 48].  The

motion contends that Counts 3 and 4 of the superceding indictment (pursuant to 26 U.S.C.

§ 7203) are lesser included charges of Counts 1 and 2 of the superceding indictment

(pursuant to 26 U.S.C. § 7201).  Accordingly, defendant seeks to have Counts 3 and 4

dismissed.  For the reasons which follow, the motion is GRANTED.

**A.    *Earlier Fifth Circuit Jurisprudence - Applying the "Inherent Relationship" Approach***

In the 1970s, the Fifth Circuit held that a violation of Section 7203 (misdemeanor

failure to file a tax return) was a lesser included charge of Section 7201 (felony tax

evasion) and that a defendant therefore could not be sentenced under both statutes.  See

United States v. Buckley, 586 F.2d 498 (5th Cir. 1978);  United States v. Newman, 468

F.2d 791 (5th Cir. 1972).  Although the government conceded this point in both cases, the

Fifth Circuit found that since Congress did not intend for the defendant to be punished

under both statutes, the misdemeanor was a "lesser included" charge of the felony.

Buckley, 586 F.2d at 504;  Newman, 468 F.2d at 796.

While neither of these opinions discussed the standard by which the court analyzed

whether a charge was a "lesser included" one, the reference to Congressional intent clearly

suggests that the court was applying the "inherent relationship" approach.  This approach

considers one offense to be included in another when the facts *as alleged and proved*

support the inference that the defendant committed the less serious crime, and when an

"inherent relationship" exists between the two offenses such that both relate to the

protection of the same interests and the proof of the greater offense can generally be

expected to require proof of the lesser one.  See Schmuck v. United States, 489 U.S. 705,

109 S.Ct. 1443 (1989).

### B.    The Supreme Court Rejects the "Inherent Relationship" Approach in Favor of the "Statutory Elements" Approach.

In Schmuck v. United States, 489 U.S. 705, 109 S.Ct. 1443 (1989), the Supreme

Court expressly rejected the lenient "inherent relationship" approach in favor of the strict

"statutory elements" test, which involves an objective, textual comparison of criminal

statutes and does not depend on inferences that may be drawn on evidence introduced

at trial.  Id. at 706, 109 S.Ct. at 1445.  The Schmuck Court found support for the "statutory

elements" test in the language of Rule 31(c), which provides: "A defendant may be found

guilty of any of the following: (1) an offense *necessarily included* in the offense charged;

(2) an attempt to commit the offense charged; or (3) an attempt to commit an offense

necessarily included in the offense charged, if the attempt is an offense in its own right."

(Emphasis added).  The Schmuck court stated:

> The Rule speaks in terms of an offense that is "necessarily included in the offense charged."
> This language suggests that the comparison to be drawn is between offenses. Since offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offenses in question, and not, as the inherent relationship approach would mandate, by reference to conduct proved at trial regardless of the statutory definitions. Furthermore, the language of Rule 31(c) speaks of the necessary inclusion of the lesser offense in the

greater. While the elements test is true to this requirement, the inherent relationship approach dispenses with the required relationship of necessary inclusion: the inherent relationship approach permits a lesser included offense instruction even if the proof of one offense does not invariably require proof of the other as long as the two offenses serve the same legislative goals.

Id. at 717, 109 S.Ct. at 1451.

The Fifth Circuit later recognized that pursuant to Schmuck, the "elements approach" is the proper analysis.  See United States v. Browner, 937 F.2d 165 (5th Cir. 1991).  As the Fifth Circuit explained:

Under this test, an offense is not lesser included unless **each statutory element of the lesser offense** is also present in the greater offense. For this purpose, the comparison of the statutory elements between the lesser and greater offenses parallels the statutory elements analysis conducted under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) for double jeopardy purposes.

Id. at 167-168 (emphasis added).  In turn, Blockburger provides:

The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, **is whether each provision requires proof of a fact which the other does not**.  Gavieres v. United States, 220 U. S. 338, 342, 31 S. Ct. 421, 55 L. Ed. 489, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Commonwealth, 108 Mass. 433: 'A single act may be an offense against two statutes; and **if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other**.'

Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182 (1932)(emphasis added).

Accordingly, in order to determine whether Section 7203 is a lesser included charge of Section 7201, this court must apply the "statutory elements" approach adopted in Schmuck as explained by the Fifth Circuit in Browner.

### C.    Applying the "Statutory Elements" Approach to Sections 7201 and 7203.

The offenses charged in Counts 1 and 2 (felony tax evasion) pursuant to 26 U.S.C. § 7201 have three elements: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. Sansone, 380 U.S. at 351, 85 S.Ct. at 1010; United States v. Chesson, 933 F.2d 298, 304 (5th Cir.), cert. denied, 502 U.S. 981, 112 S.Ct. 583, 116 L.Ed.2d 608 (1991). The elements of the misdemeanors charged in Counts 3 and 4 (failing to make a return) pursuant to 26 U.S.C. § 7203 are (1) willfulness and (2) failure to make a return when due. United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir.1987).

A defendant can certainly be found guilty of violating Section 7203 but not Section 7201 if the government fails to prove an affirmative act of evasion.  However, the government argues that a defendant can also be found guilty of violating Section 7201 without violating Section 7203, for example, by filing a fraudulent return or filing a return without remitting payment. [Doc. No. 55 at 4 (*citing* United States v. Becker, 965 F.2d 383, 391 (7th Cir. 1992).]  However, filing a fraudulent return or a return without payment would still violate Section 7203, since the statute also requires the payment of a tax "at the time . . . required by law."  Further, while this court is mindful that the Seventh, Sixth and Ninth Circuits have found that Section 7203 is not a lesser included charge of 7201, this court is bound to follow the Fifth Circuit's application of the "statutory elements" test adopted in Schmuck.

As the Fifth Circuit stated in United States v. Doyle, 956 F.2d 73, 74 -75 (5th Cir. 1992):

> A defendant is entitled to a lesser-included offense instruction when the elements of the lesser offense are a subset of the elements of the charged offense and the evidence would permit the jury to rationally conclude that the defendant was guilty of the lesser offense but not guilty of the charged offense. United States v. Browner, 889 F.2d 549, 550-51 (5th Cir.1989). There must be a disputed issue of fact as to an essential element of the charged offense which is not material to the lesser-included offense. Sansone v. United States, 380 U.S. 343, 350-53, 85 S.Ct. 1004, 1009-11, 13 L.Ed.2d 882 (1965).

Id. at 74-75.  Comparing the elements of Section 7203 with the elements of Section 7201, the Fifth Circuit stated that it was "undisputed that § 7203 [the misdemeanor] defines a lesser included offense of § 7201 [the felony]."  Id. at 74 -75 (5th Cir. 1992)(*citing* DeTar, 832 F.2d at 1113).

According to the Fifth Circuit:

> The critical difference between the two crimes is that the charged felony offense requires an affirmative act constituting the evasion. That is, felony tax evasion requires willful commission, whereas the misdemeanor merely requires willful omission. Spies v. United States, 317 U.S. 492, 498-99, 63 S.Ct. 364, 367-68, 87 L.Ed. 418 (1943). "Where there is, in a § 7201 [felony] prosecution, a disputed issue of fact as to the existence of the requisite affirmative commission in addition to the § 7203 omission, a defendant would, of course, be entitled to a lesser-included offense charge based on § 7203." Sansone, 380 U.S. at 351, 85 S.Ct. at 1010. Although the willful failure to file a tax return is sufficient to sustain a misdemeanor conviction, it is insufficient to sustain the felony conviction absent some other willful, affirmative act of commission constituting an attempt to evade the payment of tax. United States v. Masat, 896 F.2d 88, 98 (5th Cir.1990).

Id. at 75.  Accordingly, the Fifth Circuit, applying the Schmuck "statutory elements" test as stated in United States v. Browner, 889 F.2d 549, 550-51 (5th Cir.1989), found that Section 7203 was a lesser included charge of Section 7201.[1]

Accordingly, under the relevant Fifth Circuit jurisprudence, Counts 3 and 4 (failure to file) are dismissed for multiplicity.  However, as requested by the government, the jury will be charged with the elements of a violation of Section 7203 as a lesser included charge of Section 7201 (tax evasion).

Therefore:

**IT IS ORDERED** that defendant's motion to dismiss Counts 3 and 4 of the superceding indictment [Doc. No. 48] is hereby **GRANTED** and those Counts are hereby **DISMISSED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 20th day of June, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1]While the government is correct that the Fifth Circuit did not cite Schmuck in the Doyle opinion, the court did cite Browner which expressly recognized the "statutory elements" test adopted in Schmuck.