RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7 / 11 / 07
BY DM

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-50164 |
| versus | JUDGE S. MAURICE HICKS, JR. |
| TOMMY CRYER | MAGISTRATE JUDGE HORNSBY |

## JURY INSTRUCTIONS

### JURY INSTRUCTION NO. 1:

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### JURY INSTRUCTION NO. 2:

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**JURY INSTRUCTION NO. 3:**

The indictment or formal charge against a defendant is not evidence of guilt. The indictment is simply the description of the charge against the defendant. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The presumption of innocence means that the defendant starts the trial with a clean slate. In other words, I instruct you that the defendant is presumed by you to be innocent throughout your deliberations until such time, if ever, that you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt. Unless you are satisfied beyond a reasonable doubt that the defendant is guilty, the presumption of innocence alone is sufficient to find the defendant not guilty.

The government has the burden of proving the defendant guilty beyond a reasonable doubt. Unless the government proves beyond a reasonable doubt that the defendant has committed every element of each of the offenses, you must find the

defendant not guilty. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## JURY INSTRUCTION NO. 4:

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or

other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

**JURY INSTRUCTION NO. 5:**

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

**JURY INSTRUCTION NO. 6:**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses, including the defendant, who testified in this case. You should decide whether you believe all or any part of what each person had

to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

Because a particular witness may be a law enforcement officer such as an investigator or an employee of any other government agency, that does not mean that his or her testimony is deserving of any special consideration or any greater weight by reason of that fact.

## JURY INSTRUCTION NO. 7:

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## JURY INSTRUCTION NO. 8:

During the trial you heard the testimony of George McGovern, III, a Certified Public Accountant, who has expressed opinions concerning taxes and accounting. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it

deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

### JURY INSTRUCTION NO. 9:

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

### JURY INSTRUCTION NO. 10:

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person nor persons not on trial as a defendant in this case, except as you are otherwise instructed.

### JURY INSTRUCTION NO. 11:

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## JURY INSTRUCTION NO. 12:

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## JURY INSTRUCTION NO. 13:

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes. If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

whether the defendant acted according to a plan or in preparation for commission of a crime;

or

whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

**JURY INSTRUCTION NO. 14:**

The crime of willful failure to file a tax return as charged in Counts One and Two of the superceding indictment has three essential elements. The government must prove beyond a reasonable doubt that:

*One*, the defendant was required to file a federal income tax return for tax years 2000 (Count One) and 2001 (Count Two);

*Two*, the defendant knew that he was required to file such a tax return; and

*Three*, the defendant willfully failed to file the required tax return on or before April 16, 2001 for Count One. For Count Two, you must find beyond a reasonable doubt that the defendant willfully failed to filed the required tax return on or before April 15, 2002.

**JURY INSTRUCTION NO. 15:**

I instruct you as a matter of law, a single person under sixty-five years old was required to file a federal income tax return for the year 2000, if he had gross income in excess of $7,200.00.

A married individual was required to file a federal income tax return for the year 2000 if he had a separate gross income in excess of $2,800.00, and a total gross income,

when combined with that of his spouse, in excess of $12,950.00 where both are under sixty-five years old.

I further instruct you as a matter of law, a single person under sixty-five years old was required to file a federal income tax return for the year 2001, if he had gross income in excess of $7,450.00.

A married individual was required to file a federal income tax return for the year 2001 if he had a separate gross income in excess of $2,900.00, and a total gross income, when combined with that of his spouse, in excess of $13,400.00 where both are under sixty-five years old.

Gross income includes the following: [Compensation for services, including fees, commissions and similar items] [Gross income derived from business] [Gains derived from dealings in property] [Interest] [Rents] [Royalties] [Dividends] [Alimony and separate maintenance payments] [Annuities] [Income from life insurance and endowment contracts] [Pensions] [Income from discharge of indebtedness] [Distributive share of partnership gross income] [Income in respect of a decedent] [Income from an interest in an estate or trust].

The fact that a person may be entitled to deductions from income in sufficient amount so that no tax is due does not affect that person's obligation to file.

The Government is not required to show that a tax was due and owing or that the defendant intended to evade or defeat the payment of taxes, only that he willfully failed to file a return.

If you find beyond a reasonable doubt that the defendant had the required gross income in 2000, then, the defendant was required to file a tax return on or before on or before April 16, 2001.

If you find beyond a reasonable doubt that the defendant had the required gross income in 2001, then, the defendant was required to file a tax return on or before on or before April 15, 2002.

## JURY INSTRUCTION NO. 16:

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

## JURY INSTRUCTION NO. 17:

To act "willfully" means to act voluntarily and intentionally in violation of a known legal duty. Mere negligence, even gross negligence, does not constitute willfulness under the criminal law. A defendant does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law. A good faith belief is one which is honestly and genuinely held. Therefore, if the defendant subjectively believed that what he was doing was in compliance with the tax statutes, he cannot be said to have the

criminal intent required to willfully fail to file federal income tax returns. In proving willfulness, it is the government's burden to prove beyond a reasonable doubt that the defendant did not act with a good faith belief as to what the law required of him. If you find that the defendant believed in good faith he was acting in compliance with the law as to any count, you must find him not guilty as to that count.

A belief need not be objectively reasonable to be held in good faith. Nevertheless, you may consider whether the defendant's stated belief about the tax statutes was reasonable as a factor in deciding whether the belief was honestly or genuinely held. In considering the defendant's good faith misunderstanding of the law, you must make your decision based upon what the defendant believed in his own mind, and not upon what you or someone else believe or think the defendant ought to believe. Whether the defendant's beliefs about the legality of his actions were right or wrong, reasonable or unreasonable, is irrelevant to the issue of willfulness; the only issue is whether those beliefs were in fact held by the defendant.

It should be pointed out, however, that neither a defendant's disagreement with the law, nor his own belief that the tax statutes are invalid – no matter how earnestly held – constitutes a defense or good faith misunderstanding or mistake. It is the duty of all citizens to obey the law whether they agree with it or not.

**JURY INSTRUCTION NO. 18:**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your

verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You have been instructed that your verdict, whether guilty or not guilty, must be unanimous. The following instruction applies to Counts 1 and 2 of the superceding indictment.

Counts 1 and 2 of the indictment accuse the defendant of violating 26 U.S.C. § 7203 in two different ways. The first is that the defendant had taxable income and willfully failed to file a tax return. The second is that the defendant owed a tax liability and willfully failed to pay his tax liability.

The government does not have to prove both that the defendant (1) failed to file a return AND (2) failed to pay his tax liability. Proof beyond a reasonable doubt of one is enough. But in order for you to return a guilty verdict, all twelve of you must agree that the same failure or failures have been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant failed to file a tax return, OR all of you must agree that the government proved beyond a reasonable doubt that the defendant failed to pay his tax liability.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreman, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreman will write the unanimous answer of the jury in the space provided for in each charge of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

## END OF INSTRUCTIONS