**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES | CIVIL ACTION NO. 06-50164 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TOMMY K. CRYER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is defendant's motion to vacate contempt citation [Doc. No. 88]. For the following reasons, the motion is denied.

At the pre-trial conference held on June 27, 2007, the Court ordered that the defendant submit his exhibit list by June 29, 2007. [Doc. No. 66]  At that time, the actual exhibit book was not due until July 6, 2007. [Id.] However, on July 2, the Court issued a minute entry setting oral argument on the government's pending motion *in limine* for July 6.  [Doc. No. 70] The minute entry also ordered the defendant to file his exhibit book by the end of the day on July 3 and allowed the government to supplement it's motion to address the exhibits by July 5.  [Id.]

Despite the Court's order of July 2, the Court did not receive defendant's exhibit book until the morning of July 6, immediately preceding the oral argument.  No excuse was offered for its untimeliness.  At the commencement of the argument, the Court addressed the fact that the defendant's exhibit book was not delivered in accordance with the Court's order.  Defense counsel offered no apology, but rather exhibited an attitude of cavalier indifference.  When the Court asked why the book was not delivered timely, defense counsel responded that  the defendant, who is also an attorney, had the exhibits and had been working on them.

Finding no legitimate reason for the failure to file the book timely, the Court fined the defendant $500 for substantially inconveniencing the Court. The Court also stated that he considered the failure as an attempt to "wood shed" the issue by not providing the exhibits to the Court in time for the Court to review them in advance of the hearing.

The instant motion to vacate the Court's contempt citation now argues that defense counsel did not timely receive the Court's order which stated that the exhibit book had to be submitted earlier than previously stated. The Court rejects this alleged justification for several reasons. Initially, if defense counsel did not timely receive the Court's order, then he should have said so when given the opportunity to explain his noncompliance at the hearing. He failed to do so. Instead, he blamed it on his client. The Court finds that his current justification comes too late.

Further, the defendant's motion states that co-counsel George Harp received the notice on July 5. That being the case, there is no excuse for waiting until the morning of July 6. Upon receipt on the notice on July 5, counsel should have immediately contacted the Court in an attempt to rectify the failure to comply. Finally, it is defense counsel's obligation to insure that he timely receives notices from the Court. This is especially true the week prior to a major trial.

For the forgoing reasons, and the reasons stated at the oral argument held on July 6, 2007, defendant's motion to vacate contempt citation [Doc. No. 88] is **DENIED.**

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 24th day of July, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE