---

RECEIVED

NOV 0 9 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NUMBER: 06-50164-01 |
| | ) | |
| v. | ) | |
| | ) | |
| TOMMY K. CRYER, | ) | VIOLATIONS: 26 U.S.C. § 7203 |

DECLARATION OF EMILE L. HEBERT, III

1.  I am an attorney employed in the Office of Chief Counsel, Internal Revenue Service, Small Business/Self-Employed office in New Orleans, Louisiana, and have been so employed since 1989.

2.  In my capacity as an attorney, I have been assigned to represent the Commissioner of Internal Revenue in the United States Tax Court case entitled *Tommy K. Cryer v. Commissioner of Internal Revenue*, Docket No. 8118-09.

3.  That United States Tax Court case is currently scheduled for trial in New Orleans, Louisiana during the week of December 5, 2011.

4.  The issues (among others) in that United States Tax Court case include whether Mr. Cryer fraudulently failed to timely file tax returns for the tax years 2000 and 2001.

5.  While the parties were undergoing discovery in his United States Tax Court case, Mr. Cryer alleged that documents, including purported federal income tax returns he allegedly submitted to the Internal Revenue Service, which are relevant and necessary to the United States Tax Court proceeding, were

included in the materials the Grand Jury reviewed during its investigation of him for the tax years 2000 and 2001. Mr. Cryer informed the undersigned that he does not possess any originals or copies of those documents.

6. The Commissioner of Internal Revenue has diligently sought to secure the information that is relevant and necessary to Mr. Cryer's United States Tax Court case, but has been unable to do so, primarily because the information was submitted to the Grand Jury during its investigation of Mr. Cryer for the tax years 2000 and 2001.

7. The Commissioner of Internal Revenue needs to secure, review, and possibly utilize, documentary and testimonial Grand Jury material which relates to the investigation of Mr. Cryer for violations of 26 U.S.C. §§ 7201 and 7203, in order to properly address and litigate the issue of whether Mr. Cryer fraudulently failed to timely file tax returns for the tax years 2000 and 2001.

8. Without disclosure of the documentary and testimonial Grand Jury material which relates to the investigation of Mr. Cryer for violations of 26 U.S.C. §§ 7201 and 7203, the United States Tax Court will not have all the relevant and necessary information to determine whether Mr. Cryer fraudulently failed to timely file tax returns for the tax years 2000 and 2001.

9. If this Court issues an order pursuant to Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure 1) permitting the disclosure of any documentary and testimonial Grand Jury material to agents of and attorneys for the Office of Chief Counsel, Internal Revenue Service, which relates to the investigation of Tommy K. Cryer for violations of 26 U.S.C. §§ 7201 and 7203, and permitting the use of such material by agents of and attorneys for the Office of Chief Counsel, Internal Revenue Service within the restrictions imposed by 26 U.S.C. § 6103, and/or 2) permitting the agents of and attorneys for the Office of Chief Counsel, Internal Revenue Service to utilize the knowledge and assistance of other law enforcement personnel who were involved in the grand jury proceeding and thus had access to information regarding Tommy K. Cryer's tax liabilities for the tax years 2000 and 2001, the undersigned anticipates that it may be necessary for him to disclose (if allowable under I.R.C. § 6103) some or all of the disclosed Grand Jury material to a) other persons (e.g. his supervisor, a paralegal, and/or administrative assistants) assisting the undersigned in preparations for, b) witnesses (both potential and actual) in, and c) persons physically present in the Untied States Tax Court (e.g. the Judge, the trial clerk, the court reporter, Mr. Cryer, etc.) during, the trial of Mr. Cryer's United States Tax Court

case. Such disclosures would be both necessary and critical to the Commissioner of Internal Revenue's case in Mr. Cryer's United States Tax Court matter.

10. The undersigned has advised Mr. Cryer that the undersigned will make any disclosed documentary and/or testimonial Grand Jury material available to Mr. Cryer for inspection and copying.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of August, 2011.

EMILE L. HEBERT, III
Senior Attorney (New Orleans)
(Small Business/Self-Employed)
Office of Chief Counsel
Internal Revenue Service