RECEIVED

NOV 0 9 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NUMBER: 06-50164-01 |
| | ) | |
| v. | ) | |
| | ) | |
| TOMMY K. CRYER, | ) | VIOLATIONS: 26 U.S.C. § 7203 |

MEMORANDUM OF LAW IN SUPPORT OF
PETITION FOR ORDER UNDER RULE 6(e)

On October 25, 2006, the Grand Jury indicted Tommy K. Cryer on two counts of violating 26 U.S.C. § 7201 (Counts 1 and 2), for the tax years 2000 and 2001. Then, on March 28, 2007, the Grand Jury indicted Mr. Cryer on two counts of violating 26 U.S.C. § 7201 (Counts 1 and 2), and two counts of violating 26 U.S.C. § 7203 (Counts 3 and 4), for the tax years 2000 and 2001.

At the commencement of the trial, the two counts of violating 26 U.S.C. § 7201 (Counts 1 and 2 of the March 28, 2007 indictment) were dismissed. At the conclusion of the trial, Mr. Cryer was acquitted of the two counts of violating 26 U.S.C. § 7203 (Counts 3 and 4 of the March 28, 2007 indictment).

The government has petitioned this Court for an Ex Parte Order authorizing disclosure to agents of and attorneys for the Office of Chief Counsel, Internal Revenue Service, of certain documents and records subpoenaed by or presented to the Federal Grand Jury, as well as certain transcripts of Grand Jury testimony, all of which relate to the federal tax charges. The Rule 6(e) Order is also requested so that the agents of and

attorneys for the Office of Chief Counsel, Internal Revenue Service assigned to the United States Tax Court proceeding entitled *Tommy K. Cryer v. Commissioner of Internal Revenue*, Docket No. 8118-09, may utilize the services and knowledge of other Internal Revenue Service personnel, such as Special Agents, and other law enforcement agents having knowledge through the Grand Jury regarding Mr. Cryer's tax liabilities for the tax years 2000 and 2001.

Many of the requested documents likely are not *per se* grand jury material subject to the secrecy provisions of Rule 6(e), since those documents pre-existed the Grand Jury and were made for purposes other than Grand Jury. In such cases, the Service has a legitimate and independent right to secure those documents. *See, Anaya v. United States*, 815 F.2d 1373 (10th Cir. 1987); *In re Grand Jury Investigation (Appeal of New Jersey State Commission of Investigation)*, 630 F.2d 996, 1000 (3rd Cir. 1980); *United States v. Stanford*, 589 F.2d 285, 291 (7th Cir. 1978), cert. denied, 440 U.S. 983 (1979); and *United States v. Interstate Dress Carriers*, 280 F.2d 52, 54 (2d Cir. 1960).

Also, many of the documents being sought may not constitute "matters occurring before a grand jury". Only if they reveal some secret aspect of a Grand Jury investigation, such as a pattern of investigation or Grand Jury deliberation, are they treated as subject to the provisions of Rule 6(e). *See United*

*States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988) and *In re Grand Jury Investigation of Ven-Fuel*, 441 F. Supp. 1299, 1302-03 (M.D. Fla. 1977).

Rule 6(e) of the Federal Rules of Criminal Procedure provides a "general rule of secrecy" for Grand Jury activities and prohibits disclosure "except as otherwise provided for in accordance with this rule." Rule 6(e)(3)(D) permits a disclosure hearing to be held *ex parte* when the petitioner is the government.

Rule 6(e) does not set forth a specific standard for permitting disclosure. The Supreme Court has held that "wide discretion must be afforded to district court judges in evaluating whether disclosure is appropriate." *United States v. John Doe, Inc. I*, 481 U.S. 102, 116 (1987). As noted in *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 445 (1983) and repeated in *John Doe, Inc. I*, 481 U.S. at 116, the standard is "a highly flexible one, adaptable to different circumstances and sensitive to the fact that the requirements of secrecy are greater in some situations than in others."

The United States Supreme Court has enumerated the following reasons for Grand Jury secrecy:

> 1) to prevent the escape of those whose indictment may be contemplated;

    2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors;
    3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it;
    4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; and
    5) to protect an innocent accused who is exonerated from disclosure of the fact that he has been under investigation and from the expense of standing trial where there was no probability of guilt.

*United States v. Proctor and Gamble Co.*, 356 U.S. 677, 681 n. 6 (1958) (quoting *United States v. Rose*, 215 F.2d 617, 628-629 (3rd Cir. 1954)).

The first listed reason for Grand Jury secrecy is to prevent the escape of those whose indictment may be contemplated. Mr. Cryer, a subject of the Grand Jury, was originally indicted on October 25, 2006, on two counts of violating 26 U.S.C. § 7201 (Counts 1 and 2), with respect to the tax years 2000 and 2001, and then was indicted on March 28, 2007, on two counts of violating 26 U.S.C. § 7201 (Counts 1 and 2), and two counts of violating 26 U.S.C. § 7203 (Counts 3 and 4), with respect to the tax years 2000 and 2001. Since Mr. Cryer's indictment is no longer "contemplated", the first listed reason for Grand Jury secrecy is inapplicable.

The second listed reason for Grand Jury secrecy is to insure freedom of the Grand Jury in its deliberations, and to prevent the importuning of the Grand Jurors by or on behalf of persons subject to indictment. Mr. Cryer has already been indicted. Further, the government is not requesting disclosure of any documents or records regarding Grand Jury deliberations. Since disclosure of the requested Grand Jury materials will not constrict the freedom of the Grand Jury in its deliberations, nor will disclosure cause the importuning of the Grand Jurors, the second listed reason for Grand Jury secrecy is also inapplicable.

The third listed reason for Grand Jury secrecy is to prevent subornation of perjury or tampering with witnesses who may testify before the Grand Jury and later appear at the trial of those indicted by the Grand Jury. Since Mr. Cryer was already tried and acquitted in July, 2007, subornation of perjury or witness tampering of Grand Jury witnesses at a later trial of those indicted by the Grand Jury will not result from disclosure of Grand Jury materials here. The third listed reason for Grand Jury secrecy is also inapplicable.

The fourth list reason for Grand Jury secrecy is to encourage disclosures by persons having information regarding the commissions of crimes. It is possible that disclosure of the requested Grand Jury materials may, to some extent, lessen disclosures made by persons having information regarding the

commissions of crimes. However, disclosures of Grand Jury materials made to government attorneys, including Internal Revenue Service attorneys, implicate the concerns underlying Grand Jury secrecy "to a much lesser extent". *John Doe, Inc. I*, 481 U.S. at 112 (citing *Sells Engineering, Inc.*, 463 U.S. at 445). In the present case, the initial parties to whom the requested Grand Jury materials will necessarily be disclosed are agents of and attorneys for the Office of Chief Counsel, Internal Revenue Service, who are subject to the provisions of 26 U.S.C. § 6103 with respect to any further disclosures. It should be noted that while subsequent disclosures may occur, it is not certain at this time that such materials will be disclosed to other parties. Thus, the possibility that disclosure of Grand Jury materials will lessen disclosures made by persons having information regarding the commissions of crimes is mitigated by the fact that the only persons to whom Grand Jury materials would initially be divulged are agents of and attorneys for the Office of Chief Counsel, Internal Revenue Service.

The fifth listed reason for Grand Jury secrecy is to protect an innocent accused who is exonerated from disclosure of the fact that he has been under investigation and from the expense of standing trial where there was no probability of guilt. Mr. Cryer was indicted by the Grand Jury on October 25, 2006 and again on March 28, 2007. He was tried and acquitted in July

2007. Since Mr. Cryer has already been indicted, tried, and acquitted, the fifth listed reason for Grand Jury secrecy is inapplicable.

Four of the five underlying policy reasons for Grand Jury secrecy articulated by the United States Supreme Court are not applicable to the facts of this case. The remaining reason - to encourage disclosures by persons having information about the commission of crimes - is mitigated by the fact that the only persons to whom the Grand Jury materials will initially and necessarily be disclosed are agents of and attorneys for the Office of Chief Counsel, Internal Revenue. *John Doe, Inc. I*, 481 U.S. at 112. It is not certain that such materials will subsequently be disclosed to any other parties.

Moreover, the Supreme Court has determined that the concerns with respect to Grand Jury secrecy are implicated to a much lesser extent when the disclosure is to a governmental body. *Sells Engineering, Inc.*, 463 U.S. at 443-45. *See also, John Doe, Inc. I*, 481 U.S. at 112. In *Sells Engineering, Inc.*, the court though did enumerate three types of dangers existing when grand jury information is disclosed to government attorneys for use in civil proceedings.

First, the disclosure the disclosure threatens a grand jury witness' willingness to fully and candidly testify. *Sells Engineering, Inc.*, 463 U.S. at 432. *See also, John Doe, Inc. I*,

481 U.S. at 114. Since the Grand Jury in the subject case has terminated, and Mr. Cryer was indicted and already has been tried (and acquitted), the damage, if any, resulting from a possible inadvertent disclosure is lessened. *John Doe, Inc. I*, 481 U.S. at 114 and *Sells Engineering, Inc.*, 463 U.S. at 445.

Second, disclosure may threaten the integrity of the Grand Jury itself. *Sells Engineering, Inc.*, 463 U.S. at 432-33. See also, *John Doe, Inc. I*, 481 U.S. at 114. In *Sells Engineering, Inc.*, the court expressed concern that if a prosecutor knew his colleagues would have free use of grand jury information in a civil case, that prosecutor might be tempted to use the Grand Jury to obtain more evidence than necessary to assist in a civil case or even start or continue an investigation where no criminal prosecution was likely. But, in *John Doe, Inc. I*, 481 U.S. at 114, the court stated that the requirement of a pre-disclosure court appearance to demonstrate a particularized need made this second concern "less worrisome," because the court could determine if there was any evidence of grand jury abuse. Since the District Court must consider entering a Rule 6(e) Order in the present case, it will have less difficulty determining if any grand jury abuse occurred. *John Doe, Inc. I*, 481 U.S. at 115.

Third, a government agency's use of grand jury material in a civil or administrative setting "threatens to subvert the limitations applied outside the grand jury context on the

government's powers of discovery and investigation." *Sells Engineering, Inc.*, 463 U.S. at 433. In *John Doe, Inc. I*, 481 U.S. at 116, the court stated, however, that it had not established a per se rule against disclosure of grand jury information where alternative sources for obtaining information existed. While the discovery procedures under the United States Tax Court's Rules of Practice and Procedure are available in Mr. Cryer's United States Tax Court proceeding, the requested documents are not discoverable under those procedures. Thus, the discovery procedures will not be viable insofar as obtaining these records.

As the Supreme Court noted in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979), "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury [material] will have a lesser burden in showing justification". See also, *John Doe, Inc. I*, 481 U.S. at 115. When weighing all of the policy reasons favoring Grand Jury secrecy in the present case against the disclosure of the Grand Jury materials, the need for disclosure outweighs the need for secrecy.

[Intentionally Left Blank]

However, the policy underlying the general rule of Grand Jury secrecy is not the Court's sole area of inquiry. In *United States v. Baggot*, 463 U.S. 476 (1983) and *Sells Engineering, Inc.*, 463 U.S. 418 (1983), a two part test was established to determine when Grand Jury material could be disclosed.

In *Baggot*, 463 U.S. at 477, the court established the first part of the test when it held that the information needed must be "preliminary to or in connection with a judicial proceeding." In the cases of *In re Grand Jury Subpoenas Duces Tecum (Larson)*, 904 F.2d 466 (8th Cir. 1990) and *Patton v. Commissioner*, 799 F.2d 166 (5th Cir. 1986), the Courts determined that United States Tax Court proceedings constituted identifiable judicial proceedings as required by *Baggot*.

The case of *Tommy K. Cryer v. Commissioner of Internal Revenue*, Docket No. 8118-09, is currently pending before the United States Tax Court and is scheduled for trial during the week of December 5, 2011. The requested information will be used in that case, satisfying the *Baggot* requirement.

In *Sells Engineering, Inc.*, 463 U.S. at 443, the court established the second part of the test when it held that the government must show a "particularized need" in order to obtain disclosure of Grand Jury material pursuant to Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure. *See also, Proctor and Gamble Co.*, 356 U.S. 677 (1958).

In *Douglas Oil Co.*, 441 U.S. at 222, the Supreme Court set forth the following three elements necessary to demonstrate a particularized need: "(1) the material sought is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only the materials so needed."

As to the first *Douglas Oil Co.* element, the materials sought in this case will be used in Mr. Cryer's United States Tax Court proceeding. The issues in that matter include whether Mr. Cryer fraudulently failed to timely file tax returns for the tax years 2000 and 2001. Mr. Cryer has stated that he did not file untimely returns for the tax years 2000 and 2001, and that he owes no federal income taxes for those tax years because he did not receive any reportable taxable income in 2000 or 2001.

One of the most important parts of this request, the ability to discuss this case with the agents who worked on it, is not obtainable through non-grand jury sources. Their analyses and reports are based on both grand jury materials and other materials. Segregation of these items is virtually impossible given the length of time that has passed since the criminal investigation.

The documents and records which were presented to the Grand Jury, the Grand Jury testimony, and law enforcement reports derived from the Grand Jury proceedings, if disclosed to the government, will assist in establishing the willful nature of Mr. Cryer's failure to file returns for the tax years 2000 and 2001. As more than 4 years have elapsed since the indictment, transcripts of key witnesses' Grand Jury testimony may be used as substantive evidence in the United States Tax Court matter, and may be critical to identifying the witnesses, to refreshing the recollection of witnesses, to the impeachment of the witnesses, or to test the credibility of some of the witnesses.

As to the second *Douglas Oil Co.* element, four of the five policy reasons enumerated for Grand Jury secrecy stated in *Proctor and Gamble Co.*, 356 U.S. at 681 n. 6 are not applicable to the facts of the present case. Additionally, the remaining policy reason (to encourage disclosures by persons possessing information regarding the commission of crimes) is mitigated by the fact the Grand Jury materials will initially be disclosed to agents of and attorneys for the Office of Chief Counsel, Internal Revenue Service. Although disclosure may subsequently be made to other parties, when both needs are weighed, the need for disclosure outweighs the need for secrecy in the present matter.

As to the third *Douglas Oil Co.* element, the Internal Revenue Service is requesting only the Grand Jury transcripts and documents that relate to Mr. Cryer's willful failure to file returns for the tax years 2000 and 2001. The Internal Revenue Service also requests the Rule 6(e) Order so that the agents of and attorneys for the Office of Chief Counsel, Internal Revenue Service, may utilize the services and knowledge of other Internal Revenue Service personnel and other law enforcement agents having access to information regarding Mr. Cryer's tax activities through the grand jury process. Thus, the request has been structured to cover the needed materials.

The necessity of using Grand Jury materials and testimonial transcripts for these purposes constitutes a "particularized need" for such materials, satisfying the *Sells Engineering, Inc.* requirement. *Douglas Oil Co.*, 441 U.S. at 222 n. 12.

The United States Court of Appeals for the Fifth Circuit affirmed a district court's Rule 6(e) Order disclosing Grand Jury material in *Patton*, 799 F.2d 166 (5th Cir. 1986). In *Patton*, the taxpayer was indicted on multiple counts of violating 26 U.S.C. § 7206(1). The Internal Revenue Service afterwards issued a Notice of Deficiency, and the taxpayer filed a petition with the United States Tax Court. Following the filing of the United States Tax Court petition, counsel for the Commissioner of Internal Revenue Service requested and received an Order under

Federal Rules of Criminal Procedure 6(e)(3)(C)(i). The Order released transcripts of Grand Jury testimony given by certain witnesses. *Id.* at 172.

In determining that the United States Tax Court proceeding was a judicial proceeding as required by *Baggot*, the *Patton* court affirmed the granting of the Rule 6(e) Order, stating that the Internal Revenue Service's purpose in obtaining the Grand Jury materials clearly was the defense of the United States Tax Court case. *Patton*, 799 F.2d at 172.

In *Larson*, 904 F.2d 466 (8th Cir. 1990), the United States Court of Appeals for the Eighth Circuit affirmed the lower court's issuance of a Rule 6(e) Order to the Internal Revenue Service. In *Larson*, the taxpayer was indicted by a Grand Jury for tax evasion for 1978, 1979, and 1980, in addition to two currency transaction violations. Subsequently, the taxpayer's civil case was docketed in the United States Tax Court. *Id.* at 467-68.

In *Larson*, the lower court's Rule 6(e) Order authorized the Internal Revenue Service and its agents assigned to the United States Tax Court case to inspect and obtain Grand Jury transcripts. They were further permitted to use the assistance and knowledge of other Internal Revenue Service personnel who had

been involved in the Grand Jury aspects of the taxpayer's case. The *Larson* court determined that this order was appropriate. *Id.* at 468.

The present case is similar to both the *Patton* and *Larson* cases. Additionally, disclosure in this case at this time will have no effect on the functioning of the Grand Jury nor will it create a precedent that might have a chilling effect on the functioning of future grand juries.

Accordingly, disclosure of the requested Grand Jury materials is proper here. Therefore, it is respectfully requested that this Court issue an order pursuant to Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure 1) permitting the disclosure of any documentary and testimonial Grand Jury material to agents of and attorneys for the Office of Chief Counsel, Internal Revenue Service, which relates to the investigation of Tommy K. Cryer for violations of 26 U.S.C. §§ 7201 and 7203, and permitting the use of such material by agents of and attorneys for the Office of Chief Counsel, Internal Revenue Service within the restrictions imposed by 26 U.S.C. § 6103, and 2) permitting the agents of and attorneys for the Office of Chief Counsel, Internal Revenue Service to utilize the knowledge and assistance of other law enforcement personnel who

were involved in the grand jury proceeding and thus had access to information regarding Tommy K. Cryer's tax liabilities for the tax years 2000 and 2001.

                                Respectfully submitted,

                                STEPHANIE A. FINLEY
                                United States Attorney

By: _____
                                EARL CAMPBELL
                                Assistant United States Attorney
                                Western District of Louisiana
                                300 Fannin Street, Suite 3201
                                Shreveport, Louisiana 71101-3068
                                Telephone: (318) 676-3667